UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, ) ) ) ) Plaintiff, ) ) v. ) ) VALLEY CONCRETE, INC., et al., ) ) Defendants. ) ) | Case No. 16-cv-01684 (APM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bricklayers & Trowel Trades Pension Fund brings this action against Defendants Valley Concrete, Inc. ("Valley Concrete"), and John E. Heinlein, Jr., seeking to hold them liable for withdrawal liability under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1391, 1451(b). Valley Concrete moves to dismiss Plaintiff's Complaint on the grounds that the court lacks both subject matter jurisdiction over Plaintiff's claims and personal jurisdiction over Valley Concrete. Because the court concludes that Plaintiff's suit suffers from no such jurisdictional defects, the court denies Valley Concrete's Motion to Dismiss.

### I. BACKGROUND

Defendant Valley Concrete is a masonry and concrete company based in Minnesota. Compl., ECF No. 1 [hereinafter Compl.], ¶ 2. Defendant John E. Heinlein, Jr., and his spouse are the sole owners and operators of the company. *Id.* ¶ 6. John Heinlein Construction, Inc. ("Heinlein Construction"), is a separate company, also owned by Heinlein and his spouse, which filed for Chapter 7 bankruptcy. *Id.*; Answer, ECF No. 5, ¶ 12.

Plaintiff Bricklayers & Trowel Trades Pension Fund (the "Fund") is a multiemployer pension plan within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., *amended by* Multiemployer Pension Plan Amendment Act of 1980, Pub. L. No. 96–364, 94 Stat. 1208, *codified at* 29 U.S.C. § 1381 et seq. In 2007, Heinlein Construction entered into a collective bargaining agreement with the Bricklayers & Trowel Trades International Union and affiliated local unions, under which it agreed to make payments to the Fund to finance employee benefits. Compl. ¶¶ 7–8. In the spring of 2010, Heinlein Construction stopped making payments to the Fund after terminating its collective bargaining agreement, but continued performing the same type of work in the same geographic area. *Id*. ¶ 10. The Fund determined that Heinlein Construction had "completely withdrawn" from the plan under 29 U.S.C. § 1383, thereby triggering Heinlein Construction's statutory obligation to make payments to the plan for unfunded vested benefits, known as "withdrawal liability." *See id.* §§ 1381, 1391; Compl. ¶¶ 10–11.

In 2013, Plaintiff, through its trustees, filed suit against Heinlein Construction in this District Court. Complaint, *Boland v. John Heinlein Construction*, No. 13-1099 (D.D.C. July 17, 2013), ECF No. 1. After Heinlein Construction failed to respond to Plaintiff's Complaint or otherwise defend against the case, Judge Sullivan entered a default judgment in favor of Plaintiff for $237,833.09, an amount reflecting the sum of withdrawal liability, interest, liquidated damages, and attorney's fees and costs. Judgment, *Boland v. John Heinlein Construction*, No. 13-1099 (D.D.C. Nov. 21, 2013), ECF No. 10; Declaration of David F. Stupar, *Boland v. John Heinlein Construction*, No. 13-1099 (D.D.C. Nov. 18, 2013), ECF No. 9-1, at 4–5. To date, Plaintiff has not received any payment in satisfaction of that judgment.

Plaintiff is now back in this District Court, this time seeking to hold Valley Concrete and John Heinlein accountable for withdrawal liability and associated interest and damages. Plaintiff asserts four claims, two against Valley Concrete and two against John Heinlein. In Count I, Plaintiff seeks the payment of withdrawal liability from Valley Concrete under the theory that Valley Concrete and Heinlein Construction are a single employer under ERISA and therefore Valley Concrete is jointly and severally liable for Heinlein Construction's withdrawal liability. Compl. ¶¶ 27–28. In Count II, Plaintiff claims that Valley Concrete is the alter ego of Heinlein Construction and, as such, is liable for the full amount of the judgment entered by Judge Sullivan. *Id*. ¶¶ 32–34. In Counts III and IV, Plaintiff alleges, respectively, that John Heinlein is personally liable for the debts of Valley Concrete and that he breached his fiduciary duty to the Fund. *Id.* ¶¶ 38–39.

Before the court is Defendant Valley Concrete's Motion to Dismiss. It advances two grounds for dismissal: (1) lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and (2) lack of personal jurisdiction under Rule 12(b)(2). Def. Valley Concrete's Mot. to Dismiss, ECF No. 15, Mem. in Supp., ECF No. 15-1 [hereinafter Def.'s Mot.].[1]

## II.   LEGAL STANDARD

### A.   Dismissal for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

A motion filed under Rule 12(b)(1) challenges a court's subject matter jurisdiction. On a Rule 12(b)(1) motion to dismiss, Plaintiff bears the burden of establishing that the court has subject matter jurisdiction over its claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). When deciding a motion under Rule 12(b)(1), a court must accept all well-pleaded factual allegations in the complaint as true. *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402

---

[1] For reasons that are not clear, Defendant John Heinlein did not move to dismiss the claims against him.

F.3d 1249, 1253–54 (D.C. Cir. 2005). A court is not limited to the allegations made in the complaint, but "may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), *citing Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharm., Inc.*, 402 F.3d at 1253–54.

### B. Dismissal for Lack of Personal Jurisdiction Under Rule 12(b)(2)

A motion to dismiss under Rule 12(b)(2) challenges whether a federal court can exercise its jurisdiction over a particular defendant. The plaintiff bears the burden of establishing that the court has personal jurisdiction over each defendant named in the complaint by coming forward with specific and pertinent facts that connect the defendant to the forum. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990); *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). Unlike when evaluating a Rule 12(b)(1) motion to dismiss, when making a personal jurisdiction determination the court need not treat all the plaintiff's allegations as true. *Robinson v. Ashcroft*, 357 F. Supp. 2d 146, 148 (D.D.C. 2004). The court may, instead, "receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Jin v. Ministry of State Sec.*, 335 F. Supp. 2d 72, 77 (D.D.C. 2004) (internal quotation marks omitted). Any factual discrepancies must be construed in favor of the plaintiff. *See Crane*, 894 F.2d at 456.

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Whether this court has subject matter jurisdiction largely turns on how one characterizes the case. Is the suit, as Valley Concrete contends, simply an effort to enforce Judge Sullivan's judgment against Defendants under an alter ego theory of liability? Or does the suit allege, as

4

Plaintiff contends, an independent cause of action under ERISA? *Compare* Def.'s Mot. at 1 *with* Pl.'s Opp'n at 4–6. If the latter, then the court has subject matter jurisdiction; if the former, it does not.

In certain circumstances, ERISA treats an entity that is not itself a party to a collective bargaining agreement as jointly and severally liable for the withdrawal liability of an employer that is a party to the agreement. *See* 29 U.S.C. §§ 1145, 1301(b)(1), 1451(b); *I.A.M. Nat'l Pension Fund v. TMR Realty Co.*, 431 F. Supp. 2d 1, 11–12 (D.D.C. 2006). Section 4001(b)(1) of ERISA states that, "under regulations prescribed by the [Pension Benefit Guaranty Corporation ("PBGC")], all employees of trades or business (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." 29 U.S.C. § 1301(b)(1). Under the relevant regulations, three types of groups may be considered under "common control": (1) parent-subsidiary; (2) brother-sister; or (3) combined groups. 26 C.F.R. § 1.414(c)-2. For purposes of withdrawal liability, then, all members of a group under common control are jointly and severally liable for the withdrawal liability of another group member, regardless of whether the member itself is a party to a collective bargaining agreement. *See I.A.M. Fund*, 431 F. Supp. 2d at 11–12; *see also Connors v. Incoal, Inc.*, 995 F.2d 245, 249 (D.C. Cir. 1993).

Here, Plaintiff alleges that Valley Concrete is itself jointly and severally liable for the withdrawal liability of Heinlein Construction because they are part of the same "brother-sister" group. Compl. ¶ 27. Under applicable regulations, organizations qualify as part of a commonly controlled "brother-sister" group if (1) the same five or fewer individuals own a controlling interest in each organization, and (2) the individuals effectively control each organization. 26 C.F.R. § 1.414(c)-2. In the case of a corporation, the regulations define "controlling interest" as

5

ownership of 80 percent or more (by value or voting power) of the corporation's stock. *Id.* § 1.414(c)-2(b)(i). "Effective control" is defined as ownership of more than 50 percent (by value or voting power) of the corporation's stock. *Id.* § 1.414(c)-2(c)(2)(i). Plaintiff alleges that John Heinlein and his wife, Lou Anne Heinlein, are the sole owners and operators of both Valley Concrete and Heinlein Construction. Compl. ¶¶ 6, 12. Furthermore, the Complaint alleges that John Heinlein owns more than 50 percent of both companies and that public records indicate John Heinlein incorporated both companies and serves as the principal officer of each. *Id.* ¶¶ 12–14. Moreover, Plaintiff asserts, both companies operate out of John Heinlein's personal residence. *Id.* ¶¶ 13–14. Those allegations are sufficient to plausibly allege that Valley Concrete was within the same "brother-sister" group as Heinlein Construction.

Accordingly, in Count I, Plaintiff has not, as Valley Concrete argues, asserted a claim that merely attempts to collect on Judge Sullivan's judgment against Heinlein Construction through a common law theory of alter ego liability. Rather, it has alleged a stand-alone claim arising under ERISA that seeks to hold Valley Concrete jointly and severally liable for the liability arising from Heinlein Construction's withdrawal from the pension plan. This court therefore has subject matter jurisdiction over this action.

Defendant relies exclusively on the Supreme Court's decision in *Peacock v. Thomas* to argue that the court lacks subject matter jurisdiction. In *Peacock*, the plaintiff obtained a judgment against his former employer, Tru-Tech, Inc., for benefits due under ERISA. 516 U.S. 349, 351 (1996). Unable to collect on the judgment directly from the employer, the plaintiff then filed suit in federal court against Peacock, an officer and shareholder of Tru-Tech, asserting state law grounds to hold Peacock liable. *Id.* at 351–52. The district court ultimately held Peacock liable under a veil piercing theory and entered judgment against him for the full amount of the ERISA

6

liability plus interest and fees. *Id.* The Fourth Circuit affirmed. *Thomas v. Peacock*, 39 F.3d 493 (4th Cir. 1994), *rev'd*, 516 U.S. 349 (1996). The Supreme Court framed the question before it as follows: "[W]hether federal courts possess ancillary jurisdiction over new actions in which a federal judgment creditor seeks to impose liability for a money judgment on a person not otherwise liable for the judgment." *Peacock*, 516 U.S. at 351. The Court held that the district court lacked subject matter jurisdiction over the suit because the complaint did not allege a violation of ERISA, and Plaintiff's veil piercing claim could not independently support jurisdiction in a suit subsequent to the original ERISA action. *Id.* at 353–56. "Even if ERISA permits a plaintiff to pierce the corporate veil to reach a defendant not otherwise subject to suit under ERISA," the Court explained, "[the plaintiff] could invoke the jurisdiction of the federal courts only by independently alleging a violation of an ERISA provision or term of the plan." *Id.* at 354. The Court further held that it did not have the authority to exercise ancillary jurisdiction to enforce the ERISA judgment. *Id.* at 356–59.

This case is different than *Peacock*. Unlike *Peacock*, Plaintiff here *does* assert a claim arising under ERISA. Count I seeks to hold Valley Concrete jointly and severally liable for the liability arising from its purported sibling company's premature withdrawal from the pension plan. ERISA specifically provides for such a claim through its treatment of "brother-sister" entities as a single employer for purposes of establishing and collecting withdrawal liability. Therefore, the case is properly in this court. *See* 29 U.S.C. § 1451(c). Additionally, even if the court were to construe Count II as a state law alter ego claim, as Defendant contends, the court has supplemental jurisdiction to hear that claim.[2] 28 U.S.C. § 1367(a); *see also Ellis v. All Steel Const., Inc.*, 389

---

[2] Defendant also appears to argue that Plaintiff is precluded from seeking withdrawal liability against Valley Concrete because Plaintiff did not join Valley Concrete as a defendant in the case against Heinlein Construction before Judge Sullivan. Def.'s Reply at 1–2. That argument is a non-starter, however, because it is not necessary to name all potential joint tortfeasors as defendants in a single lawsuit. *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990).

7

F.3d 1031, 1033 (10th Cir. 2004) ("If an alter-ego claim is asserted in conjunction with the underlying federal cause of action, the latter may provide the basis for ancillary jurisdiction over the alter-ego claim, obviating *Peacock* concerns; it is only when an alter-ego claim is asserted in a separate judgment-enforcement proceeding that *Peacock* requires an independent basis for federal jurisdiction.").

B. **Personal Jurisdiction**

Having found that the court has subject matter jurisdiction over this matter, Defendant Valley Concrete's personal jurisdiction argument is easily resolved. Def.'s Mot. at 4–5. ERISA contains a special venue provision, Section 502(e)(2), which states that an ERISA action may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). This provision has been construed to allow for nationwide service of process. *Mazzarino v. Prudential Ins. Co. of Am.*, 955 F. Supp. 2d 24, 28 (D.D.C. 2013). When a statute allows for nationwide service of process, the defendant need not have minimum contacts with the forum state before a federal court sitting in that state has personal jurisdiction over the defendant. *See Teamsters Local 639 Emp'rs, Health Trust v. Hileman*, 988 F. Supp. 2d 18, 25–26 (D.D.C. 2013). Under such a provision, minimum contacts with the United States are sufficient to establish personal jurisdiction. *Mazzarino*, 955 F. Supp. 2d at 28.

As a business operating in Minnesota, Defendant has sufficient minimum contacts with the United States for this court to exercise personal jurisdiction over it. *See Flynn v. Ohio Bldg. Restoration, Inc.*, 260 F. Supp. 2d 156, 173 (D.D.C. 2003) (holding that ERISA's nationwide service provision permits the court to exercise jurisdiction over Defendant "because it is a citizen

of the United States"). Accordingly, the court rejects Defendant's contention that the claims against it must be dismissed for want of personal jurisdiction.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the court denies Defendant Valley Concrete's Motion to Dismiss.

Dated: June 6, 2017

Amit P. Mehta
United States District Judge